IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN KAUFMAN,<br><br>                   Plaintiff,<br><br>          vs.<br><br>JO GRIFFITH,<br><br>                   Defendant. | **8:20CV248**<br><br>**FINDINGS AND RECOMMENDATION** |

Pending before me is Plaintiff's objection to the notice of substitution filed by the United State, (Filing No. 8), and his motion for remand, (Filing No. 10). For the reasons discussed below, the undersigned magistrate judge recommends that the United States be substituted as the named defendant in this case, and that the motion for remand be denied.

STATEMENT OF FACTS

On December 6, 2019, Plaintiff Ryan Kaufman filed a complaint against Defendant Jo Griffith in the District Court of Clay County, Nebraska. (Filing No. 7-1, at CM/ECF pp. 2-7). The lawsuit was transferred the District Court of Hall County, Nebraska on May 1, 2020. (Filing No. 7-1, at CM/ECF pp. 21-23).

Kaufman's complaint alleges Griffith, Kaufman's immediate supervisor, conspired with Kaufman's coworker to send a text message to Kaufman's wife which falsely accused Kaufman of infidelity, abusing prescription medications, and improper behavior. Kaufman further alleges information from confidential VA medical records was included in the text message in violation of the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d (HIIPA).

(Filing No. 7-1, at CM/ECF pp. 1-2). Kaufman seeks damages for libel per se and invasion of privacy.

On June 25, 2020, pursuant to 28 U.S.C. § 2679(d), the United States Attorney for the District of Nebraska filed a notice of removal and certificate of substitution on behalf of Defendant. The notice of removal states that as to the allegations in Kaufman's complaint, Griffith was employed as a Program Manager for the Substance Abuse Residential Rehabilitation Treatment Program at the United States Department of Veteran Affairs (VA), Nebraska Western Iowa Health Care System, Grand Island Division, and she was acting within the scope of her employment for the United States at the time of the alleged tortious conduct. The United States asserts Kaufman's complaint therefore alleges claims against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (1988), and that the United States is the sole defendant. 28 U.S.C. § 2679(b)(1)). (Filing No. 7, at CM/ECF p. 2; Filing No. 8). The United States' certification states;

> I, Joseph P. Kelly, United States Attorney for the District of Nebraska, acting pursuant to the provisions of 28 U.S.C. § 2679, and by virtue of the authority vested in me by 28 C.F.R. § 15.4, hereby certify that I have read the Complaint in this action and all attachments thereto. On the basis of the information now available with respect to the allegations therein, I find that the individual Defendant, Jo Griffith, was acting within the scope of her employment as an employee of the United States at the time of the conduct alleged in the Complaint.

(Filing No. 8-1).

Plaintiff moved for remand. In support of that motion, he filed an affidavit requesting attorney fees (Filing No. 12-1), and a portion of his responses to plaintiffs signed answers to written questions for the Office of Resolution Management's investigation. (Filing No. 12-2). Kaufman's evidence does not

mention any conduct by Griffith and states he believes a coworker (VM) sent the text message.

In opposition to the motion for remand, the government submitted Griffith's declaration. As relevant to the certification issue, the declaration states that at the time the text message was received by Kaufman, Griffith supervised both Kaufman and the coworker who allegedly sent the text message (VM). Griffith states she knew nothing about a text message sent to Kaufman's wife until VM contacted Griffith at her home on Saturday, December 8, 2018, to report that Kaufman's wife confronted VM about the text message. (Filing No. 14-1, at CM/ECF p. 2). Griffith's declaration states she told VM that she would report the issue to Griffith's supervisor, Dr. Ruben Pulido, on Monday, and when she did, Dr. Pulido directed Griffith to contact the labor relations staff at the VA. Griffith states that the following day, Kaufman confronted Griffith at her office in a threatening manner and when Griffith notified Dr. Pulido of this incident, Dr. Pulido immediately assigned Kaufman to a different supervisor. Griffith has not supervised Kaufman after that reassignment. Griffith states she did not text Kaufman's wife, and did not access Kaufman's medical records at the VA or disclose his medical information. She states all her contact with Kaufman during her supervision of him from March 2018 through December 15, 2018 was in her official capacity as his supervisor. (Filing No. 14-1).

In response to the government's evidence, Plaintiff filed an image of the text message at issue, (Filing No. 17-1), and a copy of Griffith's statement provided to a VA investigator. (Filing No. 17-2). The text message does not indicate any involvement by Griffith, and consistent with her declaration filed in this court, Griffith's investigative statement denies Kaufman's allegations. (Filing No. 17-2).

ANALYSIS

Plaintiff's motion for remand challenges the United States' certification, arguing Defendant's conduct cannot be construed as arising from the scope of her employment. Initially, Plaintiff argued that since the certification does not support substituting the United States as the named defendant, this court lacks subject matter jurisdiction.[1] See Filing No. 11.

Under 28 U.S.C.A. § 2679 (the Westfall Act), when a federal employee is sued in a state court, the Attorney General reviews the case to determine if the employee was acting within the scope of her employment when the alleged tortious conduct occurred. 28 U.S.C. § 2679(d)(2). The Attorney General has delegated this responsibility and authority to the United States Attorney for the district where the state complaint was filed. 28 U.S.C.A. § 510; 28 C.F.R. § 15.3.

If the U.S. Attorney, acting on behalf of the Attorney General, concludes the sued employee was acting within the scope of her federal employment during the incidents alleged in Plaintiff's complaint, the government 1) removes the case to federal court and then 2) files a certification (often called a Westfall certification) and notifies the district court that the United States should be substituted as party defendant for the federal employee. Heuton v. Anderson, 75 F.3d 357, 359–60 (8th Cir. 1996) (interpreting 28 U.S.C.A. § 2679(d)(1-2). Plaintiff's pending motion challenges both the removal (28 U.S.C.A. § 2679(d)(2)), and the certification, (28 U.S.C.A. § 2679(d)(1).

---

[1] Plaintiff's Reply brief concedes that his motion for remand should be denied, (Filing No. 16, at CM/ECF p. 2-3). However, the undersigned magistrate judge will discuss the issue of subject matter jurisdiction to fulfill this court's sua sponte obligation to assure such jurisdiction exists over the merits of Plaintiff's claims.

A.    <u>Subject Matter Jurisdiction</u>

Pursuant to 28 U.S.C.A. § 2679(d)(2):

> Upon certification by the Attorney General that the defendant employee was acting within the scope of [her] office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. . . . <u>This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal</u>.

28 U.S.C.A. § 2679(d)(2) (emphasis added).

Here, the U.S. Attorney for the District of Nebraska has filed a certification stating that at the time of the incidents described in Plaintiff's complaint, Griffith was acting within the scope of her federal employment. For the purposes of removal, this certification conclusively vests this court with subject matter jurisdiction over Kaufman's claims. See Osborn v. Haley, 549 U.S. 225, 242 (2007); Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 435 (1995) (interpreting 28 U.S.C.A. § 2679(d)(2).

B.    <u>Scope of Employment Certification</u>

The government's certification also serves as prima facie evidence that the defendant was acting within the scope of her employment during the acts alleged in Kaufman's complaint. Anthony v. Runyon, 76 F.3d 210, 213 (8th Cir. 1996). But it does not conclusively establish that the United States should be substituted as party defendant. Heuton, 75 F.3d at 360 (citing Martinez v. Lamagno, 515 U.S. 417 (1995); Brown, 949 F.2d at 1011–12)). If the plaintiff challenges the certification, the district court must independently review the case and determine

whether the defendant was acting within the scope of her employment during the acts alleged. Heuton, 75 F.3d at 360. "If the court finds that the employee was acting outside of the scope of [her] employment, the court must refuse to substitute the United States. If the court agrees with the certification, then the case proceeds against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2679(d)(4)." Heuton, 75 F.3d at 359; see also Anthony, 76 F.3d at 213; Brown v. Armstrong, 949 F.2d 1007 (1991),

When challenging the Attorney General's scope of employment certification, the plaintiff bears the burden of proof. In meeting this burden, the plaintiff cannot rely solely on the allegations in the complaint. He must offer evidence of specific facts rebutting the government's claim that the sued federal employee was acting within the scope of her employment. The scope of employment issue is determined by applying the state law of the forum state. Larsen v. Frederiksen, 277 F.3d 1040, 1041 (8th Cir. 2002) (citing Lawson v. United States, 103 F.3d 59, 60 (8th Cir.1996)); Brown, 949 F.2d at 1012.

Under Nebraska law, the conduct of an employee is within the scope of employment if 1) it is of the kind she is employed to perform; 2) occurs substantially within the authorized time and space limits, and 3) it was performed, at least in part, to serve the employer. Pearce v. Werner Enterprises, Inc., 116 F. Supp. 3d 948, 953 (D. Neb. 2015) (Gerrard, J.) (citing Johnson v. Evers, 195 Neb. 426, 429, 238 N.W.2d 474, 476 (1976); Rest. 2d. Agency § 228). Kaufman argues that Griffith's alleged role in sending a defamatory text message to his wife and disseminating his confidential medical information could never be construed as conduct within the scope of Griffith's federal employment; that is, Griffith was not employed to perform such conduct and it serves no governmental purpose. For this reason, he challenges the certification and objects to substituting the United States as the defendant.

However, when deciding whether an employee acted within the scope of her employment, the government is not required to accept the plaintiff's allegations as true and based on those allegations, decide whether the alleged conduct was in consistent with and in furtherance of the employee's job responsibilities. If the defendant employee denies the allegations, the United States must consider that denial and determine whether the defendant-employee was acting within the scope of her employment. So long as the employees' actions occurred within the scope of their employment, the immunity provided by the Westfall Act is available to protect both innocent federal employees as well as those who admit to engaging in the alleged harmful conduct. Heuton, 75 F.3d at 360.

Here, Griffith's sworn testimony vehemently denies the allegations within Kaufman's complaint. Griffith's declaration states that in her role as the supervisor of both Kaufman and VM, she responded to VM's Saturday call reporting the confrontation with Kaufman's wife over the text message and the alleged improper access to and use of Kaufman's VA records. The declaration states Griffith notified her own supervisor the following business day. Under Griffith's version of the incident, her conduct was done to carry out her supervisory responsibilities over two VA co-workers and the records maintained by that facility. This version of the relevant facts fully supports a finding that as to the text message, Griffith acted consistent with her assigned job title and responsibilities for the federal government and to further its interests. Kaufman has filed no evidence contradicting Griffith's declaration and statements. There is no evidence of record challenging the prima facie evidence supported by the government's Westfall certification. Absent such evidence, there is no factual dispute regarding the scope of employment issue, and an evidentiary hearing is unnecessary. Anthony v. Runyon, 76 F.3d 210, 215 (8th Cir. 1996) (holding that where the plaintiff failed to offer any evidence rebutting the certification, "the presumption established by the government's scope-of-employment certification carried the day for the

defendants, and there was no reason for the court to conduct an evidentiary hearing on that issue"); see also Gutierrez de Martinez v. Drug Enf't Admin., 111 F.3d 1148, 1155 (4th Cir. 1997) ("Only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing.").

The court finds that pursuant to the government's certification, the United States should be substituted as the named defendant in this lawsuit.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Robert F. Rossiter, United States District Judge, pursuant to 28 U.S.C. § 636(b), that:

a.      The motion for remand filed by the plaintiff, (Filing No. 10) be denied;

b.      The government's motion, (Filing No. 8), be granted, and

c.      The United States be substituted as the named defendant in this case.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

July 31, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge